**Alexandre BREFFORT and Societe De Participations Theatrales, Plaintiffs,**

v.

**The I HAD A BALL COMPANY, Joseph Kipness, Jerome Chodorov, Jack Lawrence and Stan Freeman, Defendants.**

United States District Court
S. D. New York.

March 8, 1965.

Cowan, Liebowitz & Latman, Galef & Jacobs, New York City, for plaintiffs, Alan Latman, Stuart J. Gordon, Sanford I. Ruden, New York City, of counsel.

Linden & Deutsch, New York City, for defendants The I Had A Ball Company, Kipness, Lawrence and Freeman, Bella L. Linden, Edward Klagsbrun, New York City, of counsel.

WYATT, District Judge.

This is a motion by plaintiffs under Fed.R.Civ.P. 34 for an order requiring defendants The I Had A Ball Company, Joseph Kipness and Jerome Chodorov to produce for inspection and copying "any and all scripts, work sheets, notes, drafts, translations, memoranda, screen play, scenario and other writings or documents in the possession or under the control of any of the above defendants, their agents, any firm, corporation or entity of which they were principals or any assignee of rights derived therefrom which deal with, treat or in any way pertain to the planning, translation, preparation, execution or recordation of the dramatico-musical composition entitled 'I Had A Ball,' or any part thereof, or the dramatico-musical composition entitled 'Impasse de la Fidelite,' or any

adaptation, translation or portion thereof."

Defendant Chodorov has apparently not been served with process and has not appeared on this motion or in this action.

The motion is opposed by defendants The I Had A Ball Company, Kipness, Lawrence and Freeman.

The action, commenced February 15, 1965, is for the infringement of a registered copyright in a "dramatico-musical composition entitled 'Impasse de la Fidelite'." The copyrighted composition was written by plaintiff Breffort, who secured the statutory copyright and later assigned it to the corporate plaintiff. The claim is that the copyright is being infringed by the current production of the "dramatico-musical composition entitled 'I Had A Ball' ", now playing at the Martin Beck Theater.

Defendants have not yet answered and normally this motion would be premature because until the issues are framed by the pleadings the test of relevance is difficult to apply.

I would assume, however, that defendants will deny infringement and with such an assumption papers relating to the creation of "I Had A Ball" would seem clearly relevant. To deny the motion as premature would only mean its renewal after answer, with consequent duplication of paper work, preparation of counsel, and judicial attention.

I agree with defendants, however, that the discovery and inspection sought is too broad. It would seem that the relevant papers are those used in the creation and preparation of the script of the composition "I Had A Ball"; such items as "screen play", "planning", "execution", "recordation" do not seem properly the subject of discovery and inspection, at least at this time and on the present showing.

The motion is granted to the extent that defendants The I Had A Ball Company and Kipness will be ordered to produce and permit the inspection, etc. of all papers in their possession, custody, or control used in the creation or preparation of the script (text) of the dramatico-musical composition entitled "I Had A Ball".

The parties should be able to agree on the form of order. If not, an order may be settled on notice.